UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADELIA YOUNG,<br>individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>TESCO, INC. and<br>BARTON LAWRENCE MUNRO JR.<br><br>      Defendant | Civ. A. No. |

# COLLECTIVE AND CLASS ACTION COMPLAINT

## INTRODUCTION

1. Through this action, the Plaintiff, on behalf of herself and all others similarly situated, seeks to recover damages arising for the Defendants' misclassification of her and the putative collective/class as independent contractors and resultant failure to pay overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., and failure to comply with the Massachusetts Earned Sick Time Law, G.L. c. 149, § 148C.

2. The Plaintiff brings her claim for violation of the FLSA as a collective action on behalf of all individuals employed by the Defendant Tesco, Inc. ("Tesco") who performed non-overtime exempt services at hospitals or medical facilities anywhere in the United States within the three years preceding the filing of the Complaint in this matter.

3. The Plaintiff brings her claim for violation of the Massachusetts Earned Sick Time Law as a class action on behalf of all individuals employed by Tesco who performed non-overtime

exempt services at hospitals or medical facilities in Massachusetts within the three years preceding the filing of the Complaint in this matter.

## JURISDICTION AND VENUE

4. This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331, because the Plaintiff has brought a claim pursuant to the FLSA. The Court also has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. §1367.

5. Venue is proper in this Court because the events giving rise to this action took place within the district where Defendant Tesco does business, maintains a corporate presence, and has substantial contacts.

## PARTIES

6. Plaintiff Adelia Young is a citizen of Massachusetts. She worked for Tesco from approximately January 2021 to July 2022 performing housekeeping related services at hospitals throughout Massachusetts.

7. Defendant Tesco is a Massachusetts domestic corporation. It conducts substantial business throughout Massachusetts.

8. Defendant Barton Lawrence Munro Jr. ("Munro") is the President and Treasurer of Tesco. Upon information and belief, Munro holds a majority interest if not 100% ownership interest in Tesco. Munro controls, directs and participates to a substantial degree in the formulation, implementation and administration of all Tesco policies, including but not limited to those at issue in the present case.

**FACTUALCOLLECTIVE AND CLASS ALLEGATIONS**

9. According to its website, Tesco provides "staffing for hospitals and medical facilities."

10. The workers Tesco provides to hospitals/medical facilities perform non-exempt duties, substantially, if not entirely comprised of, housekeeping/cleaning services, food service and patient transport.

11. Tesco's workers are integral to Tesco's business in that the work they perform is responsible for all or substantially all of the revenue that Tesco generates.

12. Tesco's workers work for Tesco for an indefinite, undefined duration.

13. Tesco's workers do not invest in any facilities or equipment to perform their services for Tesco.

14. Tesco's workers have no meaningful opportunity for profit and loss in that all Tesco workers are paid a predetermined hourly rate without additional compensation for overtime hours.

15. No meaningful initiative, judgment or foresight in open market competition with others is required of Tesco's workers in connection with the services they perform for Tesco.

16. Tesco's workers do not operate independently organized businesses, but rather work for Tesco in their own name.

17. Tesco exercises substantial control over its workers, which includes but is not limited to the following:

   a. Tesco hires the workers that it places in hospitals/medical facilities;
   b. Tesco screens workers for minimum qualifications;
   c. Tesco decides which hospital/medical facility the worker is assigned to;
   d. Tesco has the power to refuse to send a worker back to a worksite;

    e. Tesco dictates the rate of pay the workers receive;

    f. Tesco sets each worker's schedule;

    g. Tesco requires workers to complete and submit timesheets or time records; and

    h. Tesco maintains workers' employment records.

18. Little to no skill is required to work for Tesco.

19. The overwhelming majority of Tesco's workers are immigrants who do not speak English as a first language.

20. Tesco's workers, including the Plaintiff regularly work over 40 hours per work week.

21. Tesco's workers, including the Plaintiff did not receive overtime compensation for the hours they work over 40 in a workweek.

22. The decision to classify Tesco's workers as independent contractors and not pay overtime compensation was done intentionally, or at a minimum with reckless disregard for the workers' rights.

23. Tesco workers do not accrue sick time.

24. Tesco workers are not paid when they take sick time.

25. Tesco's workers are not customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service they perform for Tesco, in that they do not have their own customers, do not operate their own businesses, do not maintain their own business records, and do not hold themselves out as offering their services outside of Tesco.

## COLLECTIVE ACTION ALLEGATIONS

26. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings unpaid overtime claims due under the FLSA on behalf of all similarly situated individuals who may choose to "opt-in" to this action.

27. The claim meets the requirements for collective action certification under the FLSA.

28. All potential opt-in plaintiffs are similarly situated, as Tesco's policy and practice of classifying its hospital/medical facility staff as independent contractors and not paying them overtime compensation was applicable to all hospital/medical facility statff throughout the United States and resulted in a violation of the FLSA.

## CLASS ACTION ALLEGATIONS

29. Pursuant to G.L. c. 149, § 150 and Fed. R. Civ. P. 23, Plaintiff brings this action on behalf of herself and all other similarly situated workers who worked for Tesco as hospital/medical facility staff in Massachusetts.

30. Joinder is impracticable due to the size and composition of the class, and the nature of the claims and relief sought, the remedial purpose of the underlying claims, and because individual joinder would be inefficient, uneconomical, and could result in the deprivation of wage rights to aggrieved employees.

31. There are issues of law and fact common to all class members, including whether the Defendants misclassified the Plaintiff and class as independent contractors and failed to accrue and pay sick time. This common question predominates over any questions affecting individual class members.

32. The Plaintiff's claims are typical of the claims of all members of the class, because all members of the class were subject to the same unlawful practices and suffered similar harms.

33. Plaintiff will fairly and adequately represent the interests of the class because he does not have a conflict of interest with the class members. Plaintiff's counsel will fairly and adequately represent the class members' interests because they have substantial experience in this field.

34. A class action is superior in this case for several reasons, including but not limited to the following: this case challenges the Defendant's uniform employment classification and payment practices; many workers may be reluctant to bring claims individually for fear of retaliation; some class members may not have the resources to bring their claims individually; and it would be an inefficient use of scare judicial resources to require each individual affected by the practices challenged herein to bring his or her own individual claims.

## CAUSES OF ACTION

### COUNT I
### Violation of the Fair Labor Standards Act

35. Tesco's knowing and willful failure to pay time-and-a-half for hours worked more than forty (40) in a workweek to the Plaintiff and Collective based on their misclassification as "independent contractors" violates the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

### COUNT II
### Violation of G.L. c. 149, § 148B

36. Based on the facts set forth above, Tesco has misclassified the Plaintiff and Massachusetts Class as independent contractors in violation of G.L. c 149, § 148B.

### COUNT III
### Violation G.L. c. 149, § 148C

37. Based on the facts set forth above, Tesco has failed to accrue and pay sick time in accordance with the Massachusetts sick time law for the Plaintiff and Class.

### JURY DEMAND

The Plaintiff requests a trial by jury on all claims.

**WHEREFORE**, the Plaintiff seeks judgment against the Defendant as follows:

1. An order conditionally certifying a class of similarly situated individuals under the FLSA and directing the issuance of notice informing affected individuals of their right to opt-in to this action. With respect to the claim under the FLSA, Plaintiff seeks certification of a collective class that includes all persons who worked as hospital/medical facility staff during the relevant limitations period.

2. A finding that Tesco's violations under the FLSA were willful and knowing, and therefore subject to a three-year statute of limitations.

3. With respect to the class claims under Massachusetts law, certification of this case as a class action, or recognition that this case is properly brought on behalf of all similarly situated employees, pursuant to Fed. R. Civ. P. 23 and G.L. c. 149, § 150. With respect to all claims under Massachusetts law, Plaintiff seeks certification of a class that includes all persons who worked for Tesco as hospital/medical facility staff within Massachusetts.

4. All damages to which Plaintiff, Massachusetts Class and Collective Class is entitled pursuant to Massachusetts or federal law.

5. Liquidated damages, pursuant to federal law.

6. Statutory trebling of damages, pursuant to Massachusetts law.

7. Attorneys' fees, costs, and interest as allowed by law.

8. Such other relief as the Court may deem proper and just.

Plaintiff,
Adelia Young, individually & on behalf of
all others similarly situated

By her attorney,

/s/ Adam J. Shafran
Adam J. Shafran, BBO#670460
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109
617-723-7700
617-227-0313 (fax)