UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADELIA YOUNG,<br>individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>TESCO, INC. and<br>BARTON LAWRENCE MUNRO JR.<br><br>   Defendant | Civ. A. No. 1:23-cv-12353-DLC |

<u>**ORDER GRANTING**</u>
<u>**FINAL APPROVAL OF COLLECTIVE AND CLASS ACTION SETTLEMENT**</u>

  The Plaintiff's Assented-to Motion for Final Approval of Collective and Class Action Settlement ("Final Approval Motion") came before this Court on December 20, 2024. The Court has read and considered the Final Approval Motion and is familiar with the Parties' Settlement Agreement, which was preliminarily approved by the Court on October 24, 2024. *See* ECF No. 42. Based on the representations and arguments made in the Final Approval Motion, it appears to the Court, upon final examination, that the proposed settlement is fair, reasonable and adequate, and that this Final Approval Order should be entered in this Action.

  Wherefore, the Court HEREBY ORDERS THE FOLLOWING:

  The Court grants final approval of the Settlement on the terms set forth in the Joint Stipulation of Class Settlement and Release ("Settlement Agreement") filed by the parties on October 17, 2024.

  For settlement purposes only, the Court confirms its prior certification of this case as a class action under Fed. R. Civ. P. 23 and as a collective action pursuant to 29 U.S.C. § 216(b),

and confirms its prior certification of a Settlement Class consisting of all current and former Massachusetts-based field workers who were engaged by Tesco at any time from October 12, 2020 to April 7, 2024.

Plaintiff Young (the "Class Representatives") is confirmed as representative of the Settlement Class for the purposes of implementing the settlement in accordance with the Settlement Agreement and Adam J. Shafran of Rudolph Friedmann LLP is confirmed as counsel for the Settlement Class ("Class Counsel").

The Court finds that the notice provided to the Settlement Class was the best notice practicable and fully satisfied the requirements of the Federal Rules of Civil Procedure, due process, and any other applicable laws. Settlement Class Members had the right to exclude themselves and submit any objections as set forth in the Settlement Agreement and described in the Notice.

The Court finds that the Plaintiff Young is bound by the "Plaintiff's' Releases" as set forth in section 14.1 of the Settlement, that all Settlement Class Members who did not submit an Exclusion Request are bound by the "Non-Excluded Class Members Release" as set forth in section 14.2 of the Settlement Agreement, and all Settlement Class Members who endorse their settlement check are bound by the "Participating FLSA Class Members' Release" as set forth in section 14.3 of the Settlement Agreement.

Having reviewed the arguments made in the Final Approval Motion as to Class Counsel's request for attorneys' fees, costs and Plaintiff's request for incentive payments, and for the reasons set forth therein, this Court finds the amounts sought are reasonable and approves an award of attorneys' fees in the amount of $148,333.33 and costs in the amount of $632 to Class

Counsel. The Court also approves Plaintiff's request for incentive payments in the amount of $5,000 to Young.

The Court orders that once this order becomes Final, as that term is defined in section 3.20 of the Settlement Agreement, that the Parties and Settlement Administrator administer the Settlement as set forth in section 11 of the Settlement.

This Court hereby dismisses the above-captioned action with prejudice. Without affecting the finality of this Final Approval Order in any way, this Court retains continuing jurisdiction to implement the Agreement and to construe, enforce and administer the Agreement.

IT IS SO ORDERED, THIS 20th DAY OF December, 2024.

_____
Donald L. Cabell
Chief Magistrate Judge
U.S. District Court for the District of Massachusetts